**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

IN RE: NATIONAL PRESCRIPTION OPIATE
LITIGATION                                                                                       MDL No. 2804

**TRANSFER ORDER**

     **Before the Panel**:[*] Plaintiffs in seven actions and Southern District of Ohio defendant Mylan Bertek Pharmaceuticals, Inc., move under Panel Rule 7.1 to vacate the orders conditionally transferring the actions listed on Schedule A to MDL No. 2804. Various responding manufacturer and distributor defendants[1] oppose the motions.

     After considering the argument of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2804, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for the reasons set out in our order directing centralization. In that order, we held that the Northern District of Ohio was an appropriate Section 1407 forum for actions sharing factual questions regarding the allegedly improper marketing and distribution of various prescription opiate medications into cities, states and towns across the country. *See In re: Nat'l Prescription Opiate Litig.,* 290 F. Supp.3d 1375 (J.P.M.L. 2017).

     Despite some variances among the actions before us, all contain a factual core common to the MDL actions: the manufacturing and distributor defendants' alleged knowledge of and conduct regarding the diversion of these prescription opiates, as well as the manufacturers' allegedly improper marketing of such drugs. The actions therefore fall within the MDL's ambit.

     The parties opposing transfer in five actions argue principally that federal jurisdiction is lacking over their cases. But opposition to transfer challenging the propriety of federal jurisdiction

---

  [*] Judges Ellen Segal Huvelle and Nathaniel Gorton did not participate in the decision of this matter.

  [1] Amerisourcebergen Corp., and Amerisourcebergen Drug Corp.; Cardinal Health, Inc., McKesson Corp. (distributor defendants); Allergan PLC, Actavis LLC, Actavis Pharma, Inc.; Allergan Finance, LLC; Cephalon, Inc.; Endo Health Solutions Inc., Endo Pharmaceuticals, Inc.; Janssen Pharmaceutica Inc., Janssen Pharmaceuticals Inc., and Ortho-McNeil-Janssen Pharmaceuticals, Inc.; Johnson & Johnson; Mallinkrodt plc and Mallinckrodt Enterprises, LLC; Purdue Pharma L.P., Purdue Pharma, Inc., and The Purdue Frederick Company, Inc.; Teva Pharmaceuticals USA, Inc., and Teva Pharmaceuticals Industries Ltd.; Watson Laboratories, Inc., Watson Pharma, Inc. and Watson Pharmaceuticals, Inc. (manufacturing defendants).

is insufficient to warrant vacating conditional transfer orders covering otherwise factually-related cases.[2] Several parties argue that including their actions in this large MDL will cause them inconvenience. Given the undisputed factual overlap with the MDL proceedings, transfer is justified in order to facilitate the efficient conduct of the litigation as a whole. *See In re: Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation.").

Plaintiffs in two actions, infants born opioid-dependent, argue that their unique damages – which include the alleged need for a medical monitoring trust that funds prolonged, multidisciplinary care – and their need for prompt resolution of their cases differentiate their cases from those brought by the cities, counties and states that comprise the bulk of MDL No. 2804. While we agree that plaintiffs will have different damages and potential remedies, the differences among these claims are outweighed by the substantial factual allegations shared with the MDL actions.[3] Several similar cases are pending in the MDL, and substantial efficiencies can be obtained by allowing all related actions to proceed in the transferee forum. We further deny these plaintiffs' motions for the reasons stated in our prior transfer decisions involving infants with neonatal abstinence syndrome (NAS). *See* MDL No. 2872 – *In re: Infants Born Opioid-Dependent Prods. Liab. Litig.*, 2018 WL 6427191 (J.P.M.L. Dec. 6, 2018) (denying motion to create a new MDL for NAS cases); MDL No. 2804 – *In re: Nat'l Prescription Opiate Litig.*, Doc. 3169 (J.P.M.L. Dec. 6, 2018) (transferring NAS cases, among others, to MDL; denying motions to vacate).

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Dan A. Polster for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

Sarah S. Vance
Chair

| | |
|---|---|
| Lewis A. Kaplan | R. David Proctor |
| Catherine D. Perry | Karen K. Caldwell |

---

[2] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

[3] "Section 1407 does not require a complete identity or even majority of common factual and legal issues." *In re: Satyam Computer Servs., Ltd., Sec. Litig.*, 712 F. Supp. 2d 1381, 1382 (J.P.M.L. 2010); *see also In re: ClassicStar Mare Lease Litig.*, 528 F. Supp. 2d 1345, 1346 (J.P.M.L. 2007) ("Regardless of any differences among the actions, all actions arise from the same factual milieu...").

IN RE: NATIONAL PRESCRIPTION OPIATE
LITIGATION                                                                    MDL No. 2804

## SCHEDULE A

    Southern District of Illinois

PEOPLE OF THE STATE OF ILLINOIS, ET AL. v. TEVA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 3:18‑02077

    District of Massachusetts

ESPINOSA v. JOINER, ET AL., C.A. No. 1:18‑12196

    Western District of New York

A.M.H. v. PURDUE PHARMA L.P., ET AL., C.A. No. 1:18‑01018

    Southern District of Ohio

NOBLE COUNTY, OHIO, BY THE NOBLE COUNTY COMMISSIONERS v. CARDINAL HEALTH, INC., ET AL., C.A. No. 2:18‑01379

    Eastern District of Oklahoma

CHOCTAW NATION v. PURDUE PHARMA L.P., ET AL., C.A. No. 6:18‑00355
CHICKASAW NATION v. PURDUE PHARMA L.P., ET AL., C.A. No. 6:18‑00356

    Southern District of West Virginia

RILING, ET AL. v. PURDUE PHARMA L.P., ET AL., C.A. No. 2:18-01390